Rattle, J.
 

 We are unable to discover any .principle upon which the bill can be sustained. The plaintiff, as receiver of the estate of S. B. Everett, deceased, lias a right, unefysr the order of the Court of Equity, by which he was appointed, to sne at law in the name of the executor upon the bond mentioned in the. pleadings; 3 Dan. Ch. Prac. 1991, and if the bills of exchange, drawn by the executor, and accepted by the principal obligor, are not payments, he will of course recover the whole amount of the principal and interest of the bond, without any deduction. But, if those bills of exchange are legal .payments, as from the case of
 
 Ligon
 
 v.
 
 Dunn,
 
 6 Ire. Rep. 133, it seems they are, then the plaintiff certainly cannot at law, recover the amounts of them again ; nor can we conceive any good reason why he should be allowed to recover them in equity. No collusion is alleged to have existed between the debtor and the executor, for the purpose of defrauding the estate of the testator, and it is a new idea that the debtor should be compelled to pay bis debt a second lime 'because the executor lias either wasted or misapplied the money collected on the debt. The demurrer must be sustained-
 

 Per CueiaM, Bill dismissed.'